No. 501 June 4, 2025 119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G.
and D. E. A.,
*Appellants.*

Multnomah County Circuit Court
18JU09587;
Petition Number 113490;
A185927 (Control), A185930

In the Matter of A. A.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G.
and D. E. A.,
*Appellants.*

Multnomah County Circuit Court
18JU09588;
Petition Number 113490;
A185928, A185931

In the Matter of D. A., aka D. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. G.

and D. E. A.,
*Appellants.*

Multnomah County Circuit Court
18JU09589;
Petition Number 113490;
A185929; A185932

Sandra Y. Vallejo, Judge.

Submitted April 30, 2025.

Aron Perez-Selsky filed the brief for appellant S. G.

George W. Kelly, filed the brief for appellant D. E. A.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this juvenile dependency case, parents appeal from judgments establishing general guardianships over their three children, DA, age 11; AA, age nine; and DG, age five. Mother and all three children are enrolled members of the Makah Tribe, making the case subject to the federal Indian Child Welfare Act, 25 USC §§ 1901-1963, and the Oregon Indian Child Welfare Act, Or Laws 2020, ch 14, §§ 1-66 (Spec Sess 1) (codifying new provisions at ORS chapter 419B.600 to 419B.665 and amending various sections of ORS chapters 350, 418, 419A, and 419B). In his first assignment of error, father challenges the juvenile court's determination that parents' continued custody of the children was likely to result in serious emotional or physical damage to the children. In father's second assignment of error and mother's only three assignments of error, they challenge the juvenile court's determination that guardianship was in the children's best interests, arguing that the evidence demonstrated that the children needed ongoing contact with the parents to which the proposed guardians, with whom the children were already living in Texas, would not agree. We affirm.

Turning to father's first assignment of error, we conclude that the juvenile court did not err in determining that parents' continued custody was likely to result in serious emotional or physical damage to the children. We review the juvenile court's factual findings to determine whether they are supported by any evidence in the record. *Dept. of Human Services v. J. G.*, 260 Or App 500, 504, 317 P3d 936 (2014). We then evaluate whether "the totality of evidence in the record was legally sufficient to permit any rational juvenile court to find that it is highly likely that facts exist indicating that continued custody by the child's parent is likely to result in serious emotional or physical damage to the Indian child." *Dept. of Human Services v. A. R. E.*, 340 Or App 73, 76, ___ P3d ___ (2025). The juvenile court may establish a general guardianship over an Indian child only if it determines, among other things, that the parents' continued custody of the child is likely to result in "serious emotional and physical damage" to the child. ORS 419B.366(4)(a)(C)(i).

That determination must be supported by the testimony of at least one expert witness and evidence establishing a "causal relationship" between the particular conditions in the Indian child's home and the likelihood of serious emotional of physical damage to the child as a result of the parents' continued custody. ORS 419B.366(4)(a)(C)(i), (b).

The juvenile court asserted dependency jurisdiction over the children based on mother's substance abuse, father's inability or unwillingness to protect the children from her substance abuse, father's exposure of the children to domestic violence, and parents' need for the assistance of the court and social services agencies to ensure the children had stable housing and consistent medical care and dental care and that they attended school. More specifically, the children's conditions and circumstances included that DG was born with "incredibly high levels" of methamphetamine and amphetamine in his system; that father had pulled mother's hair and hit her, causing bruising and a bloody nose, in the children's presence; that the parents sometimes left the children with people the family did not know well; that neither DA nor AA had received medical care in the two to three years before the Oregon Department of Human Services intervened; and that both DA and AA had been diagnosed with post-traumatic stress disorder as a result of their experiences in parents' care.

The record before the juvenile court included evidence that mother never engaged in a substance abuse treatment program, that her behavior indicated she was not abstaining from drug use, that parents continued to lack stable housing, and that they continued to deny responsibility for the children's conditions and circumstances that resulted in juvenile court jurisdiction, making a recurrence of those conditions and circumstances and the associated risks likely. Indeed, an expert witness from the Makah Tribe, testified that, in her view, the parents' ongoing problems with respect to substance abuse and housing made it likely that the children would suffer serious emotional or physical damage in parents' custody. The evidentiary record before the juvenile court was sufficient to establish the "causal relationship" required by ORS 419B.366(4)(a)(i) and (b).

With respect to parents' remaining assignments of error, we conclude that the juvenile court also did not err in determining that the proposed guardianships were in the children's best interests. We review that ruling for an abuse of discretion, *Dept. of Human Services v. T. C. A.*, 251 Or App 407, 415, 283 P3d 956, *rev den*, 352 Or 665 (2012), and are bound by the juvenile court's factual findings if there is evidence in the record supporting them, *J. G.*, 260 Or App at 504. A necessary predicate to establishing a general guardianship over any child is the juvenile court's determination that the proposed guardianship is in the child's best interests. ORS 419B.366(6)(d). There was evidence that the Makah Tribe supported the establishment of guardianships over the children; that the children had been living with the proposed guardians for three years and had strong relationships with them; that the proposed guardians had been meeting all of the children's needs and were willing and able to be their guardians; that the proposed guardians would agree to allow appropriate contact between parents and the children through letters and photos, which was the minimum type of contact the Makah Tribe expert witness testified should be allowed; and that the proposed guardians were willing to consider more expansive contact in the future. The juvenile court did not abuse its discretion in determining based on the record before it that the proposed guardianships were in the children's best interests.

Affirmed.